ACCEPTED
03-14-00635-CV
4323752
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/2/2015 1:33:41 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00635-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/2/2015 1:33:41 AM
JEFFREY D. KYLE
Clerk

MICHAEL LEONARD GOEBEL AND ALL OTHER OCCUPANTS OF
207 CAZADOR DRIVE, SAN MARCOS, TEXAS 78666,

*Appellants*,

v.

SHARON PETERS REAL ESTATE, INC.,

*Appellee*.

ON APPEAL FROM THE COUNTY COURT AT LAW, HAYS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 14-0385-C

**APPELLEE'S OPPOSED MOTION TO DISMISS APPEAL AS MOOT**

Dr. J. Hyde
Texas Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, TX 78711
Telephone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Counsel for Appellee*

No. 03-14-00635-CV

_____

**IN THE THIRD COURT OF APPEALS OF TEXAS**

_____

MICHAEL LEONARD GOEBEL AND ALL OTHER OCCUPANTS OF
207 CAZADOR DRIVE, SAN MARCOS, TEXAS 78666,

*Appellants,*

v.

SHARON PETERS REAL ESTATE, INC.,

*Appellee.*

_____

ON APPEAL FROM THE COUNTY COURT AT LAW, HAYS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 14-0385-C

_____

**APPELLEE'S OPPOSED MOTION TO DISMISS APPEAL AS MOOT**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee Sharon Peters Real Estate, Inc., ("Peters") by and through undersigned counsel, respectfully moves to dismiss this appeal as moot, and in support thereof states as follows:

1.      This case involves the appeal of a final judgment in a forcible detainer action granting Peters immediate possession of the real property located at 207 Cazador Drive, San Marcos, Texas 78666 (Property).  Appellant Michael Goebel failed to supersede the judgment, and a writ of possession has been issued and executed.  Because Goebel is not currently in possession of the property and has no claim of right to current

2

possession, no live controversy remains and Goebel's appeal should be dismissed as moot.

## FACTUAL BACKGROUND

2.     Appellee Peters purchased the Property from Nationstar Mortgage, LLC which in turn had purchased the Property at a foreclosure auction. (Clerk's Record (CR) 219–21, 215–17; attached as **Exhibits 1 and 2**). Appellant Goebel owned the Property prior to the foreclosure sale.

3.      The Hays County Court at Law rendered a final judgment granting Peters immediate possession of the Property on 18 September 2014. (CR 408, attached as **Exhibit 3**).

4.     Goebel timely filed a Notice of Appeal from that judgment, but failed to supersede the judgment.

5.     The county clerk issued a writ of possession in accordance with the judgment, and the writ was executed on 24 October 2014. (CR 462, attached as **Exhibit 4**). Peters took possession of the Property on that date.

## ARGUMENT

6.     The Court may dismiss an appeal for lack of jurisdiction. TEX. R. APP. P. 42.3. The Court lacks jurisdiction when no controversy exists between the parties, which is the case when the issues on appeal are no longer live. *Camarena v. Tex. Empl't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988).

7. A judgment of possession in a forcible detainer action resolves only who is entitled to immediate possession of the subject property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). It does not resolve issues of title. TEX. R. CIV. P. 510.3(e) (the "only issue" before the justice court in eviction cases is the "right to actual possession and not title"). An appellant need not supersede the judgment to preserve his right to appeal, but an eviction judgment that has not been superseded "may be enforced, including issuance of a writ of possession evicting the tenant from the premises." *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006).

8. "An appeal from a forcible-detainer action becomes moot if appellant is no longer in possession of the property, unless the appellant holds and asserts 'a potentially meritorious claim of right to current, actual possession' of the property." *McDonald v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00770-CV, 2014 WL 1433061, at *1 (Tex. App.— Austin Apr. 10, 2014, order) (mem. op.) (quoting *Marshall*, 198 S.W.3d at 787). Appellant Goebel is no longer in possession of the Property and holds no meritorious claim to current, actual possession of the Property.

9. There is no lease between the parties. Goebel is the prior owner of the Property and, under the deed of trust securing the purchase note, became a tenant at sufferance upon the Property's sale at foreclosure to Peters' predecessor-in-interest. (CR 192; relevant portions of Deed of Trust attached as **Exhibit 5**).

10. Goebel's only substantive argument in the county court was that the foreclosure sale was invalid, depriving the justice and county courts of jurisdiction over

4

the eviction. (CR 232–40). This is the same argument that this Court has rejected multiple times in the past few years. *See Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.) (noting that this Court "has consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession"); *see also Killebrew v. BKE Investments, Inc.*, No. 03-13-00149-CV, 2014 WL 3055984 (Tex. App.—Austin June 30, 2014, no pet.); *Jaimes v. Fed. Nat. Mortgage Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.) (same); *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523 (Tex. App.—Austin Aug. 14, 2013, no pet.).

11. The proper avenue for Goebel to pursue his challenge to the foreclosure sale is not this case, but a title suit in the district court.[1] *See, e.g., Rodriguez v. CitiMortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *2 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.) ("[T]he trial court cannot determine in a forcible detainer action whether the sale of property under a deed of trust is invalid; instead, the displaced property occupant is entitled to bring a separate suit in district court to resolve

---

[1] To that end, Goebel also argued in the county court that he was entitled to conduct discovery before the Court ruled on Peters' motion for summary judgment. However, the discovery requests proposed by Goebel were related entirely to the issues raised in the title suit and had no bearing on the issue of immediate possession at the center of this forcible detainer action. (*See* CR 322–43).

5

any title issues."). Indeed, Goebel has filed such a suit, which is currently pending in the Hays County District Court. (CR 243).

12.    However the title suit is eventually resolved, the issues Goebel raises in that suit have no bearing on his entitlement to "current, actual possession of the Property."

13.    Goebel's only other argument in this Court is that the county court lacked jurisdiction over Peters' appeal due to Peters' alleged failure to file an appeal bond. That contention is false,[2] but more importantly, it does not affect the mootness of the appeal. Whether the county court had jurisdiction over this action or not—and it most certainly did—the fact remains that the writ of possession has been executed and Goebel no longer has possession of the Property. Nor does the county court's purported lack of jurisdiction give Goebel any right to *current* possession.[3]

14.    In sum, because Goebel is no longer in possession of the Property, and because he has no potentially meritorious right to current, actual possession of the Property, Goebel's appeal of the judgment of possession is moot. *Marshall*, 198 S.W.3d at 787.

---

[2] Peters addressed this argument in its response to Goebel's "Motion for Emergency Stay of Writ, or, in the Alternative, Writ of Re-entry." If necessary, Peters will address the argument further in its Brief on the Merits.

[3] To the extent Goebel asserts that he is entitled to a writ of reentry under Texas Property Code section 92.0081, such an assertion is frivolous and was rejected by this Court when it denied Goebel's "Motion for Emergency Stay of Writ, or, in the Alternative, Writ of Re-entry." Peters explained why Goebel's request lacked merit in its response to that motion.

15. To the extent Goebel contends that the county court's award of costs to Peters prevents mootness on appeal, Peters has no intention of attempting to collect such costs and hereby waives, surrenders, and abandons any right it has to such costs.

WHEREFORE, Peters respectfully requests that the Court GRANT this motion and dismiss this appeal as moot.

Respectfully Submitted,

*/s/ J. Hyde*

_____
Dr. J. Hyde
State Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Attorney for Appellee*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with opposing counsel David Rogers regarding this motion and that Mr. Rogers stated he is **OPPOSED** to the relief requested herein.

*/s/ J. Hyde*

_____
Dr. J. Hyde

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Texas Rule of Appellate Procedure 9.5 and Local Rule 4(d), a copy of Appellee's Motion to Dismiss Appeal as Moot was served on this 2nd day of March, 2015, via e-service, upon the following:

David Rogers
1201 Spyglass, Suite 100
Austin, TX 78746

*/s/ J. Hyde*

_____
Dr. J. Hyde

# EXHIBIT 1
## Special Warranty Deed

**\*\*\*\*  Electronically Filed Document  \*\*\*\***

# Hays County Texas
# Liz Q. Gonzalez
# County Clerk

**Document Number: 2014-14009458**
**Recorded As        : ELECTRONIC RECORDING**

| | |
|---|---|
| Recorded On: | April 11, 2014 |
| Recorded At: | 10:00:09 am |
| Number of Pages: | 3 |
| Book-VI/Pg: | Bk-OPR   VI-4896   Pg-147 |
| Recording Fee: | $30.00 |

**Parties:**

**Direct- NATIONSTAR MORTGAGE LLC**
**Indirect- SHARON PETERS REAL ESTATE INC**

| | |
|---|---|
| Receipt Number: | 364313 |
| Processed By: | Alisha Herzog |

---

**\*\*\*\*\*\*\*\*\*\*\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\*\*\*\*\*\*\*\*\*\***

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

---

I hereby certify that this instrument was filed for record in my office on the date and
time stamped hereon and was recorded on the volume and page of the named records
of Hays County, Texas

*Liz Q. Gonzalez*

**Liz Q. Gonzalez, County Clerk**

CERTIFIED TO BE A TRUE AND
CORRECT COPY
LIZ Q GONZALEZ, County Clerk
Hays County

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

*09-74907566*

### SPECIAL WARRANTY DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL BY THESE PRESENTS: THAT |
| COUNTY OF HAYS | § | |

NATIONSTAR MORTGAGE, LLC, ("Grantor"), whose address is *10350 Park Meadow, Littleton, CO 80124*, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) cash and other good and valuable consideration to Grantor in hand paid by SHARON PETERS REAL ESTATE, INC. ("Grantee"), whose address is *603 Mustang, San Marcos, Tx 78666*, the receipt and sufficiency of which consideration is hereby acknowledged and confessed, has GRANTED, SOLD AND CONVEYED, and by these presents does GRANT, SELL AND CONVEY, unto Grantee, Grantor's entire undivided ownership interest in the real property, together with all improvements thereon, described as follows (the "Property"):

> LOT 4, BLOCK F, EL CAMINO REAL PHASE 2 SECTION 1, A SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 10, PAGE 374, OF THE MAP AND/OR PLAT RECORDS OF HAYS COUNTY, TEXAS.

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in any way belonging to have and to hold unto Grantee, and Grantee's heirs, successors and assigns, forever; and Grantor does hereby bind itself and its heirs and successors to WARRANT AND FOREVER DEFEND all and singular the Property unto Grantee, Grantee's heirs, successors and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof, when the claim is by, through or under Grantor but not otherwise; provided, however, that this conveyance is made by Grantor and accepted by Grantee subject to (i) the liens securing payment of ad valorem taxes for the current and all subsequent years and (ii) easements, liens, reservations, covenants, conditions, and restrictions of record in Hays County, Texas, or visible or apparent on the ground to the extent the foregoing affect the Property. By acceptance of this deed, Grantee assumes and agrees to perform all of the obligations of Grantor under said easements, reservations, covenants, conditions and restrictions, and agrees to pay and indemnifies and agrees to hold Grantor harmless from and against all ad valorem taxes relating to the Property, for the current and all subsequent years.

When the context requires, singular nouns and pronouns include the plural.


CERTIFIED TO BE A TRUE AND CORRECT COPY

LIZ O. GONZALEZ, County Clerk
Hays County

EXECUTED AS OF AND EFFECTIVE the ___22___ day of March, 2014.

GRANTOR:

NATIONSTAR MORTGAGE LLC

By: _____

Name: _____

Title: ____**Assistant Secretary**____

ACKNOWLEDGEMENT

STATE OF TEXAS     §
COUNTY OF Denton     §

Before me, a notary public, on the ___ day of March 2014, personally appeared ___Deborah Salas___, as ___**Assistant Secretary**___ of NATIONSTAR MORTGAGE LLC, on behalf of such entity, who acknowledged that they did sign the foregoing instrument, and acknowledged to me that they executed the same for the uses and purposes and consideration therein expressed.

PAMELA PARKER
My Commission Expires
December 14, 2017

_____
Notary Public, State of Texas

AFTER RECORDING, RETURN TO:

SHARON PETERS REAL ESTATE, INC.

_____

_____

I, LIZ Q. GONZALEZ. COUNTY CLE
HAYS COUNTY, TEXAS. do hereby certify that i
a true and correct copy as same appears of re
in my office. Witness my hand and seal of office o

April 22, 2014
LIZ Q. GONZALEZ
HAYS COUNTY CLEF
BY DEPUTY



CERTIFIED TO BE A TRUE AND
CORRECT COPY
LIZ Q. GONZALEZ, County Clerk
Hays County

# EXHIBIT 2
## Substitute Trustee's Deed

**\*\*\*\*  Electronically Filed Document  \*\*\*\***

# Hays County Texas
# Liz Q. Gonzalez
# County Clerk

Document Number: 2014-14001458
Recorded As      : ELECTRONIC RECORDING

Recorded On:        January 21, 2014
Recorded At:        09:37:55 am
Number of Pages:    3
Book-VI/Pg:         Bk-OPR   VI-4841   Pg-76
Recording Fee:      $30.00

Parties:

Direct- MAXWELL LORETTA
Indirect- NATIONSTAR MORTGAGE LLC

Receipt Number:     357925
Processed By:       Janie Flores

---

**\*\*\*\*\*\*\*\*\*\*\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\*\*\*\*\*\*\*\*\*\***

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

---

I hereby certify that this instrument was filed for record in my office on the date and time stamped hereon and was recorded on the volume and page of the named records of Hays County, Texas

*Liz Q. Gonzalez*

Liz Q. Gonzalez, County Clerk

CERTIFIED TO BE A TRUE AND CORRECT COPY
LIZ D. GONZALEZ, County Clerk
Hays County

MHA File Number: TX-11-13210-C34
Property Address: 207 CAZADOR DRIVE, SAN MARCOS, TX 78666

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## SUBSTITUTE TRUSTEE'S DEED

**Deed of Trust Date:**
1/4/2005

**Foreclosure Sale Date:**
9/3/2013

**Original Grantor(s)/Mortgagor(s):**
MICHAEL L. GOEBEL, AN UNMARRIED PERSON

**Foreclosure Sale Time:**
1:06 PM

**Original Beneficiary/Mortgagee:**
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, LLC., AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK

**Sale Amount:**
$ 125,287.38

**Current Beneficiary/Mortgagee:**
NATIONSTAR MORTGAGE LLC

**Grantee/Buyer:**
NATIONSTAR MORTGAGE LLC

**Property County:**
HAYS

**Grantee/Buyer Address:**
c/o Nationstar Mortgage LLC
350 Highland Dr
Lewisville, TX 75067

**Recorded in:**
Volume: 2611
Page: 576
Instrument No: 05000661

**Legal Description of Property:** LOT 4, BLOCK F, EL CAMINO REAL PHASE 1, SECTION ONE, A SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 10, PAGE 371, OF THE PLAT RECORDS OF HAYS COUNTY, TEXAS.

Grantor conveyed the Property to Trustee in trust to secure payment of the Note. Beneficiary declared that Grantor defaulted in performing the obligations of the Deed of Trust. Current Beneficiary of the Note, accordingly, has appointed Substitute Trustee, as authorized under the Deed of Trust, and has requested Substitute Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the property were mailed, posted and filed, as required by law. Substitute Trustee sold the property to Buyer, who was the highest bidder at the public auction, for the amount of sale in the manner prescribed by law. The subject sale was conducted no earlier than 1:00 PM as set forth in the Notice of Substitute Trustee's Sale and was concluded within three (3) hours thereafter. All matters, duties and obligations of Beneficiary were lawfully performed as evidenced by the affidavit(s) attached hereto and made a part hereof for all purposes.

Substitute Trustee, by the authority conferred by Current Beneficiary and by the Deed of Trust, subject to prior liens and other exceptions in the Deed of Trust, if any, and for the amount of sale paid by buyer as consideration, grants, sells and conveys to Buyer, buyer's heirs, executors, administrators, successors or assigns forever, the property together with all rights and appurtenances belonging to Grantor. Substitute Trustee binds Grantor and Grantor's heirs, executors, administrators, successors or assigns, to Buyer's heirs, executors, administrators, successors or assigns against every person lawfully claiming to warrant and defend all right, title and interest in the property or any part thereof.

WITNESS MY HAND, this __15__ day of __Jan__, __2014__

_____
Loretta Maxwell or Louise Graham or Donald Graham

STATE OF TEXAS
COUNTY OF __Hays__

Before me, the undersigned Notary Public, on this day personally appeared Loretta Maxwell or Louise Graham or Donald Graham as Substitute Trustee, known to me or proved to me through a valid State driver's license or other official identification described as __Known__, to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __15__ day of __Jan__, __2014__.

_____
Notary Public Signature

MELANIE K. HIGGINS
Notary Public, State of Texas
My Commission Expires
FEBRUARY 6, 2016

CERTIFIED TO BE A TRUE AND CORRECT COPY
LIZ Q. GONZALEZ, County Clerk
Hays County

After recording return to:
McCarthy, Holthus & Ackerman, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075

| Current Borrower: | MICHAEL L. GOEBEL, AN UNMARRIED PERSON |
|---|---|
| MHA File Number: | TX-11-13210-CM |
| Property Address: | 207 CAZADOR DRIVE, SAN MARCOS, TX 78666 |

## AFFIDAVIT

| STATE OF | TEXAS | § |
|---|---|---|
| COUNTY OF | COLLIN | § |

BEFORE ME, the undersigned authority on this day personally appeared Karl Terwilliger, who after being duly sworn, deposed as follows:

"1.    I am an employee of McCarthy, Holthus & Ackerman, LLP, attorney for Nationstar Mortgage LLC (mortgage servicer and duly authorized agent of the Current Beneficiary and Mortgagee as referenced in the foregoing Substitute Trustee's Deed) at the time of the events hereinafter set forth and make this affidavit for the purpose of declaring the incidents of statutory and contractual compliance of the entity or entities set out below.

2.    This affidavit is made with respect to the foreclosure of that certain Deed of Trust dated 1/4/2005, recorded in Volume: 2611 Page: 576 Instrument No: 05000661    of the Real Property Records, HAYS County, Texas, executed by MICHAEL L. GOEBEL, AN UNMARRIED PERSON, borrower(s), to THOMAS E. BLACK, JR., Trustee, to secure payment of a Note to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, LLC., AS NOMINEE FOR LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK.

3.    To the best of my knowledge and belief, proper notice was sent prior to acceleration of indebtedness. All obligations duties of the holder of the debt were performed in the manner required by law and all notices were served on the Debtor at the Debtor's last known address as shown by the records of the holder of the debt.

4.    To the best of my knowledge and belief, the mortgagors holding an interest in the above described property 1) were not members of the Armed Forces of the United States of America or were not protected by the Servicemembers' Civil Relief Act or Tex. Prop. Code § 51.015 on the date of the Trustee's Sale, and 2) were alive at the time of the foreclosure sale or, if deceased, the subject Trustee's Sale is not void or voidable pursuant to Tex. Prob. Code § 73.

5.    At the instructions and on behalf of the holder of the debt or its agent, notice of acceleration of indebtedness and Notice of Trustee's Sale was served on every Debtor obligated on the debt, in strict compliance with the Texas Property Code, by certified mail at least twenty-one (21) days prior to the date therein specified for sale at the last known address of each such Debtor according to the records of the holder of the debt.

6.    At the instructions and on behalf of the holder of the debt or its agent, Notice of Trustee's Sale was filed with the County Clerk in the county or counties in which the subject property is situated and copies thereof posted at said courthouse(s) as required by law and in the manner specified by ordinance or custom."

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT – Karl Terwilliger
TITLE – Operations Manager

| STATE OF | TEXAS | § |
|---|---|---|
| COUNTY OF | COLLIN | § |

Sworn to and subscribed before me, the undersigned Notary Public, on this day personally appeared Karl Terwilliger, who is the Operations Manager and duly authorized agent of McCarthy, Holthus & Ackerman, LLP, on behalf of said law firm, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office dated this 10 day of January, 2014.

Notary Public Signature

MANDI LYNN HOLT
Notary Public, State of Texas
My Commission Expires
March 18, 2017

I, LIZ Q. GONZALEZ, COUNTY CLE[RK]
HAYS COUNTY, TEXAS, do hereby certify that th[is]
a true and correct copy as same appears of rec[ord]
in my office. Witness my hand and seal of office on

April 22, 2014
LIZ Q. GONZALEZ
HAYS COUNTY CLERK
BY DEPUTY _____

CERTIFIED TO BE A TRUE AND
CORRECT COPY
Liz Q. GONZALEZ, County Clerk
Hays County

After recording return to:
McCarthy, Holthus & Ackerman, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075

217

# EXHIBIT 3
## Final Judgment of Possession

CAUSE NO. 14-0385-C

| | | |
|---|---|---|
| SHARON PETERS REAL ESTATE, INC., | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL LEONARD GOEBEL and | § | NUMBER ONE |
| ALL OTHER OCCUPANTS OF | § | |
| 207 CAZADOR DRIVE | § | |
| SAN MARCOS, TEXAS 78666, | § | |
| | § | |
| Defendants. | § | HAYS COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT

On the ___ day of ___ Aug, 2014, came to be heard Plaintiff's Traditional Motion for Summary Judgment ("Motion"). Having heard the arguments of counsel and having reviewed the parties' briefing on the Motion and the record evidence, the Court finds that Plaintiff is entitled to summary judgment on its claim for forcible detainer, as Plaintiff has proven as a matter of law that it is entitled to immediate possession of the premises located at 207 Cazador Drive, San Marcos, Texas 78666.

IT IS THEREFORE ORDERED that the Plaintiff, SHARON PETERS REAL ESTATE, INC., recover from the Defendants MICHAEL LEONARD GOEBEL and ALL OTHER OCCUPANTS OF 207 CAZADOR DRIVE, SAN MARCOS, TEXAS 78666, as follows:

1.  Possession of the premises at 207 Cazador Drive, San Marcos, Texas 78666.
2.  Court costs.

It is FURTHER ORDERED that Plaintiff is entitled to a return of the cash appeal bond filed by Plaintiff in the amount of $3,000.00. The clerk's office is ordered to RELEASE this cash bond to Plaintiff. This is a FINAL JUDGMENT.

Signed this ___ day of ___, 2014

Honorable Judge Presiding
Hays County Court at Law

408

# EXHIBIT 4
## Executed Writ of Possession

RECEIVED
CONST. PCT
HAYS COUNT

<u>Cause 14-0385-C</u>

FILED
ORIGINAL

STATE OF TEXAS
COUNTY OF HAYS   OCT 17 AM 10: 27

COUNTY COURT AT LAW
2014 OCT 29 PM 2: 10

Liz Q. Gonzalez
HAYS COUNTY CLERK

## WRIT OF POSSESSION

**TO ANY SHERIFF OR ANY CONSTABLE WITHIN THE STATE OF TEXAS, GREETINGS:**

Whereas, on <u>09/18/2014</u>, Plaintiff (referred to as the landlord), recovered a judgment against , **AND ALL OTHER OCCUPANTS** Defendant (referred to as the tenant) entitling Plaintiff to possession of the property described as follows, TO-WIT:     **207 Cazador Drive**

**San Marcos TX 78666**

**(PROPERTY DESCRIPTION)**

**THEREOF RECORDED IN VOLUME 11 PAGE 206, HAYS COUNTY PLAT RECORDS)**

**YOU ARE THEREFORE COMMANDED TO:**

1. Post a written warning of at least 8 ½ by 11 inches on the exterior of the front door of the rental unit notifying the tenant that the writ has been issued and that the writ will be executed on or after a specific date and time stated n the warning not sooner than 24 hours after the warning is posted.
2. After the warning period has expired, enter such premises and deliver possession thereof to the landlord
3. Instruct the tenants and all persons claiming under the tenant to leave the premises immediately, and if the persons fail to comply, physically remove them
4. Instruct the tenants to remove or to allow the landlord, the landlord's representatives, or other persons acting under the officer's supervision to remove all personal property from the rental unit other than personal property claimed to be owned by the landlord.
5. Place, or have an authorized person place, the removed personal property outside the rental unit at a nearby location, but not blocking a public sidewalk, passageway, or street and not while it is raining, sleeting, or snowing.

**YOU ARE HEREBY AUTHORIZED, AT YOUR DISCRETION, TO:**

6. Engage the services of a bonded or insured warehouseman to remove and store, subject to applicable law, part or all of the property at no cost to the landlord or the officer executing the writ.

Under Section 7.003, Civil Practice and Remedies Code, the officer is not liable for damages resulting from the execution of the writ if the officer executes the writ in good faith and with reasonable diligence.

**WITNESS MY HAND** and the seal of said Court hereto affixed, at Office in **San Marcos, Hays** County, Texas, on this the 17th day of October 2014.

**LIZ Q. GONZALEZ, COUNTY CLERK**
**HAYS COUNTY, TEXAS**

BY: _Roxanne_ _____ Deputy

**Requested by:**
**Sharon Peters Real Estate Inc., 603 Mustang Ln, San Marcos TX 78666**
*********************************************************************************

**OFFICER'S RETURN**

Came on hand on the _17_ day of _October_, A.D. 20_14_ at _10.27_ o'clock _A_ M., and executed on the _24_ day of _October_, A.D. 201_4_ at _4:38_ o'clock _P_ M. by serving _Michael Goebel_ the person named in this Writ, at _207 Cazador Drive_ in Hays County, Texas. Action taken under authority of the Writ was as follows: _by removing personal property, changing locks returning premises to Home Owner._

FEES: Executing and
     Returning Writ = $_____

**Constable David L. Peterson**

By_Sandy Rojas_
#806

**Constable Pct. 1**

**Hays County, Texas**

# EXHIBIT 5
## Deed of Trust–Relevant Excerpts

Return To. AURORA LOAN SERVICES INC.
3040 Route 22 West
Branchburg, NJ, 08876

RETURN TO
ALAMO TITLE COMPANY   05000661 OPR 2611 576
STONEBRIDGE
9600 NORTH MO   XPRESSWAY
SUITE 125
AUSTIN, TX
GF# 1039505-28

Bk   Vol   Pg

ESCROW #: 04-016481
LOAN #: 0019583665

Prepared By: THOMAS E. BLACK, JR.
2905 CORPORATE CIRCLE
FLOWER MOUND, TEXAS 75028

——————————————— [Space Above This Line For Recording Data] ———————————————

# DEED OF TRUST

MIN   100025440002091095

## NOTICE OF CONFIDENTIALITY RIGHTS:

**If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your social security number or your driver's license number.**

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   January 4, 2005
together with all Riders to this document
(B) "Borrower" is

MICHAEL L. GOEBEL
, AN UNMARRIED PERSON

Borrower is the grantor under this Security Instrument.
(C) "Lender" is   LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK

Lender is a   FEDERAL SAVINGS BANK
organized and existing under the laws of   UNITED STATES

TEXAS-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS      Form 3044 1/01

-6A(TX) (0307)
Page 1 of 16      Initials
VMP Mortgage Solutions (800)521-7291

CERTIFIED TO BE A TRUE AND CORRECT COPY
LIZ Q GONZALEZ, County Clerk
Hays County

180

100025440002091095
0019583665
Bk    Vol    Pg
05000661 OPR  2611   577

Lender's address is   **501 W PRES G BUSH HWY, STE 300, RICHARDSON, TX 75080**

Lender includes any holder of the Note who is entitled to receive payments under the Note.
**(D) "Trustee"** is   **THOMAS E. BLACK, JR.**

Trustee's address is

**2905 CORPORATE CIRCLE
FLOWER MOUND, TEXAS 75028**

**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc   MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns   **MERS is a beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(F) "Note"** means the promissory note signed by Borrower and dated   **January 4, 2005**
The Note states that Borrower owes Lender

**ONE HUNDRED TWENTY SEVEN THOUSAND SIX HUNDRED NINETY SIX & 00/100** Dollars
(U.S. $           **127,696.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   **January 1, 2035**

**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest

**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable].

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [X] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [X] Other(s) [specify] PREPAY/ |

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization

**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items"** means those items that are described in Section 3

**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property, (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan

Initials *MH*

CERTIFIED TO BE A TRUE AND
CORRECT COPY
LIZ O. GONZALEZ, County Clerk
Hays County

100025440002091095
0019583665oh1   Pg
05000661 OPR  2611  578

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C Section 2601 et seq.) and its implementing regulation, Regulation X (24 C F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County                                    of  Hays                                    :
          [Type of Recording Jurisdiction]                          [Name of Recording Jurisdiction]
LOT 4, BLOCK F, EL CAMINO REAL PHASE 1, SECTION ONE, A SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 10, PAGE 371, OF THE PLAT RECORDS OF HAYS COUNTY, TEXAS.

Parcel ID Number:   10-0281-0004-00003-3                   which currently has the address of
                                                                              [Street]
207 CAZADOR DRIVE
SAN MARCOS                                          [City], Texas      78666    [Zip Code]
("Property Address"):

     TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Security Instrument All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right. to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Initials

-6A(TX) (0307)                       Page 3 of 16                           Form 3044  1/01

182

100025440002091095
0019583665
BK   Vol   Pg
05000661 OPR   2611   588

NON-UNIFORM COVENANTS Borrower and Lender further covenant and agree as follows·

22. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. For the purposes of this Section 22, the term "Lender" includes any holder of the Note who is entitled to receive payments under the Note.**

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law. Sale shall be made at public venue. The sale must begin at the time stated in the notice of sale or not later than three hours after that time and between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law Borrower shall pay any recordation costs Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee; Trustee Liability.** All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee. without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

Initials _MM_

VMP -6A(TX) (0307)

Page 13 of 16

Form 3044  1/01

CERTIFIED TO BE A TRUE AND
CORRECT COPY
... County Clerk
... County

100025440002091095
0019583665
Bk   Vol  Pg
05000661 OPR  2611  590

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it

Witnesses.

_____          _____ (Seal)
                             MICHAEL L. GOEBEL       -Borrower

_____          _____ (Seal)
                                             -Borrower

_____ (Seal)    _____ (Seal)
               -Borrower                            -Borrower

_____ (Seal)    _____ (Seal)
               -Borrower                            -Borrower

_____ (Seal)    _____ (Seal)
               -Borrower                            -Borrower

VMP -6A(TX) (0307)             Page 15 of 16                Form 3044  1/01

CERTIFIED TO BE A TRUE AND CORRECT COPY


100025440002091095
0019583665
05000661 OPR   Bk   Vol   Pg
                 2611   571

STATE OF TEXAS
County of TYAN15

Before me   A notary public            on this day personally appeared

Michael L Goebel

known to me (or proved to me on the oath of  Sworn statement
or through  Picture ID                ) to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that he/she/they executed the same for the purposes and
consideration therein expressed

Given under my hand and seal of office this  5th      day of  January  2005.

(Seal)

LONYA S HAYNES
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
APRIL 10, 2006

Notary Public

My Commission Expires

Initials _mgg_

-6A(TX) (0307)              Page 16 of 16                Form 3044  1/01

CERTIFIED TO BE A TRUE AND
CORRECT COPY